UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JONES MASONRY CONTRACTORS, INC.**                                **CIVIL ACTION**

**VERSUS**                                                          **NO: 12-2556**

**BRICE BUILDING COMPANY, LLC**                                     **SECTION: "S" (4)**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Brice Building Company, LLC's Motion to Stay Litigation Pending Arbitration (Doc. #8) is **GRANTED**, and this matter is **STAYED** pending arbitration.

### BACKGROUND

This matter is before the court on a motion to stay this litigation pending arbitration filed by defendant, Brice Building Company, LLC. Brice argues that its contract with plaintiff, Jones Masonry Contractors, Inc., includes a valid arbitration clause, and Brice seeks to invoke that arbitration clause.

On August 30, 2010, the Louisiana Department of Education, Recovery School District entered into a contract with Brice for Brice to act as the general contractor on the construction of the Carter G. Woodson School in New Orleans, Louisiana. On January 17, 2011, Brice entered into a subcontract with Jones Masonry to perform masonry and architectural construction work on the project.

The contract between Brice and Jones Masonry included an arbitration cause which states:

> The parties acknowledge and agree that this Subcontract and the subject matter hereof is substantially connected with and involved with interstate commerce. In the event of a dispute(s), claim(s) or other matter(s) in question of any kind whatsoever between the parties (i) arising out of or related or collateral to the provisions and/or subject matter of this Subcontract or the breach thereof, or independent from the Subcontract

or (ii) relating to any transaction or occurrence of any kind between the parties to this Subcontract or their officers, directors, agents and/or employees, it is agreed that the parties to this Subcontract will attempt to resolve such dispute(s), claim(s) or other matter(s) in question amicably by informal discussions and negotiations within a seven (7)-day period.  Notwithstanding any conflicting or contrary provisions contained within th General Contract or provisions in this Subcontract that incorporates herein the terms and conditions of the General Contract by reference, all dispute(s), claim(s) and other matter(s) in question which cannot be settled by negotiations among the parties within such time shall at the election of, the Contractor (but not otherwise), be submitted by the parties to arbitration under the construction Industry Arbitration Rules of the American Arbitration Association except as such rules may be modified or restricted by any provision of this Subcontract.  The parties intend that the scope of this arbitration clause shall be construed as broadly as possible so as to include, but not be limited to, the enforceability of this arbitration provision, the arbitrability of a particular claim or dispute, as well as any claims of misrepresentations, concealment of material facts, or fraud among the parties whether occurring before or after the execution of this agreement . . .  The applicable laws under which such arbitration shall be held shall be the laws of the state where the Project is located . . . and such arbitration shall be held in Metairie, Louisiana, or another location if mutually agreeable to the parties.

Jones Masonry filed this breach of contract action against Brice relating to issues arising under the subcontract in the United States District Court for the Eastern District of Louisiana.  Brice filed a motion to stay the litigation pending arbitration.  Jones Masonry argues that the arbitration clause should not be enforced because it is adhesionary and one-sided.

## ANALYSIS

**A.     Arbitration**

The Federal Arbitration Act, 9 U.S.C. §1, et seq., "embodies the national policy favoring arbitration." Buckeye Check Cashing, Inc. v. Cardegna, 126 S.Ct. 1204, 1207 (2006).  In determining whether a dispute is referable to arbitration, the court must analyze whether an agreement to arbitrate exists and whether the claim at issue falls within the agreement:

> To ascertain whether the parties have agreed to arbitrate a particular claim, we must determine (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. In view of the policy favoring arbitration, we ordinarily resolve doubts concerning the scope of coverage of an arbitration clause in favor of arbitration. As a consequence, a valid agreement to arbitrate applies unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.

Pers. Sec. & Safety Sys. v. Motorola, Inc., 297 F.3d 388, 391 (5th Cir. 2002) (internal citations and quotations omitted). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." AT & T Techs., Inc. v. Commc'ns Workers of Am., 106 S.Ct. 1415, 1419 (1986). Unless the parties agreed otherwise, the court, not the arbitrator, must determine whether the parties agreed to arbitrate a particular claim. Id. When the parties dispute whether there is an arbitration agreement, the court must apply state-law principles of contract to determine whether an agreement was reached. Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 218 (5th Cir. 2003).

Jones Masonry does not dispute that the contract contains an arbitration clause or that its claims against Brice fall under that arbitration clause. Rather, Jones Masonry argues that the arbitration clause should not be enforced because it is adhesionary. Jones Masonry points out that the arbitration clause does not provide a mutual obligation to arbitrate and permits arbitration only at Brice's election.

An adhesionary contract is a standard contract, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. Bradstreet v. Kinchen, 10 So.3d 331 (La. Ct.

3

App. 2009) (quoting <u>Golz v. Children's Bureau of New Orleans</u>, 326 So.2d 865, 869 (La. 1976)). "[T]he real issue in a contract of adhesion analysis is not the standard form of the contract, but rather whether a party truly consented to all the printed terms." <u>Aguillard v. Auction Mgmt. Corp.</u>, 908 So.2d 1, 10 (La. 2005).  "[I]f [the standard form contract] does not call into question the non-drafting party's consent and if it is not demonstrated that the non-drafting party did not consent or his consent is vitiated by error, the contract is not a contract of adhesion." <u>Id.</u> at 11.  The party seeking to invalidate the contract as adhesionary bears the burden of demonstrating that the non-drafting party did not consent to the terms or his consent was vitiated by error. <u>Id.</u> at 10.

The arbitration clause in the construction contract between Brice and Jones Masonry is not adhesionary. It is contained in Paragraph CC of the contract, in the same size and font type as the rest of the contract, and it clearly explains that it is limiting the parties' rights to litigate claims. Samuel Jones, the owner of Jones Masonry, who was involved in executing this contract, has many years of experience in negotiating commercial construction contracts. Jones is sophisticated in such matters.  Additionally, Jones was not forced to abide by the arbitration clause because he was free to refuse to work on the project. Therefore, Brice's motion to stay the litigation pending arbitration is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Brice Building Company, LLC's Motion to Stay Litigation Pending Arbitration (Doc. #8) is **GRANTED**, and this matter is **STAYED** pending arbitration.

New Orleans, Louisiana, this \_\_15th\_\_ day of January, 2013.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**